**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Phillip Roger HORN, Defendant–Appellant.**

No. 06–10568.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 19, 2007.*

Filed June 4, 2007.

Robert L. Ellman, Esq., Crane Pomerantz, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Shari Kaufman, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Timothy Mark Burgess, United States District Judge for the District of Alaska, sitting by designation.

Before: KLEINFELD and THOMAS, Circuit Judges, and BURGESS \*\*, District Judge.

### MEMORANDUM \*\*\*

Appellant Phillip Roger Horn ("Appellant" or "Horn") appeals the lower court's denial of his motion to suppress bullets and a rifle seized when his car was searched incident to an undisputedly lawful traffic stop. He argues that the lower court misinterpreted the factual evidence and based its probable cause determination in part on its erroneous factual findings, and 2) the search and seizure occurred after Horn had been constructively arrested without probable cause. Because we agree with the district court that there was probable cause to search the vehicle, we affirm denial of the motion to suppress and do not reach Appellant's constructive arrest argument.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. Considering the totality of the circumstances, Officer Rodgers had probable cause to search Appellant's vehicle following his initial approach. Officer Rodgers had arrested Horn on weapons and drug charges in the past and knew Horn was a convicted felon. He observed Horn make a furtive movement to conceal something under his right leg. And he observed a baggy containing either what he believed to be bullets or was certain contained bullets. Under these circumstances, the district court did not err in concluding that Officer Rodgers

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had probable cause to search the vehicle for weapons and in denying the motion to suppress.[1]

AFFIRMED.

---

1. *See, e.g., Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *United States v. Spencer*, 1 F.3d 742, 745–746 (9th Cir.1992) ("The police were ... justified in believing that a firearm might be in the vehicle after they discovered the shoulder holster underneath Spencer's jacket and Officer Lozier observed Spencer's concealing movements in the automobile's front seat after Officer Collins stopped the vehicle. Thus, the warrantless search of the stopped car was supported by probable cause."); *United States v. Baker*, 850 F.2d 1365, 1369 (9th Cir.1988)("[H]aving found rounds of .45 caliber ammunition on the defendant's person, and two magazines for an Uzi rifle, the officer had probable cause to believe that firearms were in the vehicle.")

